UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY CLEMENT,<br><br>   Plaintiff,<br> v.<br><br>WASHINGTON POST,<br><br>   Defendant. | Civil Action No. 24-384 (RBW) |

### ORDER

  The plaintiff, Audrey Clement, who is proceeding pro se, brings this civil action against the defendant, The Washington Post. See Complaint for Violation of Civil Rights ("Compl.") at 1, ECF No. 1. On March 14, 2024, the defendant filed a motion to dismiss. See Defendant's Motion to Dismiss ("Def.'s Mot.") at 1, ECF No. 8. Currently pending before the Court is the plaintiff's motion for leave to file a surreply to the defendant's reply in support of its motion to dismiss, see Motion [for] Leave to File a Document ("Pl.'s Mot.") at 1, ECF No. 14, which the defendant opposes, see Defendant's Opposition to Plaintiff's Motion for Leave to File a Surreply ("Def.'s Opp'n") at 1, ECF No. 15. Upon careful consideration of the parties' submissions, the Court concludes for the following reasons that it must deny the plaintiff's motion for leave to file a surreply.[1]

---

[1] The defendant also argues that the Court should dismiss the plaintiff's motion because the plaintiff failed to confer with the defendant before filing her motion, as required by District of Columbia Local Rule 7(m). See Def.'s Opp'n at 2; see also LCvR 7(m), (requiring that, before filing any nondispositive motion in a civil action, a party—including a non-incarcerated party appearing pro se, as here—"shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement"). Although some courts have denied nonconforming motions, even by pro se parties, for failure to confer, See, e.g, Andrades v. Holder, 286 F.R.D. 64, 65 n.2 (D.D.C. 2012), other courts in this District have exercised their direction and proceeded to the merits of the motion "in the interest of judicial economy." Johnson v. ACB Ideas, LLC, No. 1:23-CV-02944 (RCL), 2024 WL 3225994, at *4 (D.D.C. June 28,

(continued . . .)

A court will grant a motion for leave to file a surreply if "the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." Lewis v. Rumsfeld, 154 F. Supp. 2d 56, 61 (D.D.C. 2001), remanded on other grounds, No. 01-5296, 2003 WL 21018861 (D.C. Cir. Apr. 30, 2003) (per curiam); see also Ben–Kotel v. Howard Univ., 319 F.3d 532, 536 (D.C. Cir. 2003) (quoting Lewis, 154 F. Supp. 2d at 61). Although surreplies "are generally disfavored," Kifafi v. Hilton Hotels Ret. Plan, 736 F. Supp. 2d 64, 69 (D.D.C. 2010), aff'd, 701 F.3d 718 (D.C. Cir. 2012), "[t]he decision to grant or deny leave to file a [surreply] is committed to the sound discretion of the Court," Ying Qing Lu v. Lezell, 45 F. Supp. 3d 86, 91 (D.D.C. 2014). If new arguments appear for the first time in a movant's reply, granting leave to file a surreply is appropriate. See Flynn v. Veazey Constr. Corp., 310 F. Supp. 2d 186, 189 (D.D.C. 2004). But, such arguments "must be truly new." United States ex rel. Pogue v. Diabetes Treatment Ctrs. Of Am., Inc., 238 F. Supp. 2d 270, 277 (D.D.C. 2002). "To the extent the arguments made by the [defendant] in its reply 'mischaracterize and/or misconstrue' [the plaintiff's] factual and legal arguments, the Court is more than capable of ascertaining the merits of the parties['] respective positions on its own." Crummey v. Soc. Sec. Admin., 794 F. Supp. 2d 46, 63 (D.D.C. 2011), aff'd, No. 11-5231, 2012

---

(. . . continued)
2024); see also J.T.F. v. District of Columbia, No. 21-1453 (RC), 2023 WL 5528037, at *5 (D.D.C. Aug. 28, 2023) (considering the plaintiffs' motion on the merits despite no attempt to confer with the defendant prior to filing the motion); Ghawanmeh v. Islamic Saudi Acad., 268 F.R.D. 108, 111 (D.D.C. 2010) ("[W]ere the court to deny plaintiff's motion to amend, [the] plaintiff would simply refile the motion and defendants would be obliged to refile their opposition."). Here, the Court similarly concludes that it will exercise its disrection and proceed to the merits "in the interest of judicial economy." Johnson, 2024 WL 3225994, at *4. Were the Court to deny the plaintiff's motion for noncompliance with its Local Rules, the plaintiff may very likely "simply refile the motion and [the] defendant[] would be obliged to refile [its] opposition." Ghawanmeh, 268 F.R.D. at 111. Clearly, the defendant's opposition to the plaintiff's motion is not just rooted in procedure but substance. See Def.'s Opp'n at 2 (noting that "the surreply fails to identify any 'new matters' raised in [the d]efendant's reply[,]" "advances a new and unsupported theory[,]" "which she could have made in her Opposition, but did[ not,]" and that the defendant "would be prejudiced by [the p]laintiff's introduction of this new argument after briefing has completed"). Therefore, rather than deny the plaintiff's motion on procedural grounds and wait for the parties to resubmit their filings after conferring, the Court will proceed to the merits of the plaintiff's motion for leave to file a surreply despite her violation of Rule 7(m)'s duty to confer.

2

WL 556317 (D.C. Cir. Feb. 6, 2012). "Simply put, a surreply is not a vehicle for rehashing arguments that have already been raised and briefed by the parties. Were that not true, briefing would become an endless pursuit." Id.

Here, the defendant argues that the plaintiff's proposed surreply "fails to identify any 'new matters' raised in [the d]efendant's reply" and merely "repackage[s] many of the same arguments already asserted in her" opposition to the defendant's motion to dismiss. Def.'s Opp'n at 2. As noted by the defendant, the plaintiff's motion for leave to file her surreply does not contain any legal argument that her proposed surreply meets the above standard. See Pl.'s Mot. at 1. Nevertheless, the Court will review the proposed surreply in determining whether to grant leave to file.

The plaintiff makes several arguments in her proposed surreply, see generally Memorandum of Law in Reply to Defendant's Reply on Motion to Dismiss ("Pl.'s Proposed Surreply"), ECF No. 14-1: (1) that her Complaint should not be dismissed for failure to exhaust her administrative remedies because there is no federal agency with jurisdiction to provide her recourse after the Department of Treasury "determined that it lacked jurisdiction to hear [her] complaint[.]" See id. at 5–8; (2) that she has shown that the defendant receives federal financial assistance, see id. at 8–14; (3) that the defendant discriminated against her by compelling candidates to report their age; and (4) that her requested relief is compliant with the First Amendment, see id. at 17–20.

However, these arguments squarely address arguments first raised in the defendant's motion to dismiss. See Def.'s Mot. at 6–7 (arguing that the plaintiff had failed to exhausted her administrative remedies and that "[t]his defect is incurable because the window for filing any administrative complaint has long since passed"); id. at 8–9 (arguing that the Complaint "does

not clearly articulate a theory for how [the d]efendant receives federal assistance"); id. at 9–10 (arguing that compelling candidates to report their age "cannot qualify as discrimination"); id. at 11 (arguing that the plaintiff's requested remedies would constitute (1) compelled speech and (2) an unconstitutional prior restraint). The Plaintiff's proposed surreply attempts to rebut these arguments, but she does not argue that any of these arguments are "matters presented to the court for the first time in the opposing party's reply." Lewis, 154 F. Supp. 2d at 61. Nor does she characterize any of the defendant's responses as a "truly new" that demands granting the filing of a surreply. United States ex rel. Pogue, 238 F. Supp. 2d at 277. At several points, the plaintiff argues that the defendant "persists in ascribing false statements to the [p]laintiff[,]" but, as noted above, the Court need not grant a surreply based on arguments of mischaracterization because "the Court is more than capable of ascertaining the merits of the parties['] respective positions on its own." Crummey, 794 F. Supp. 2d at 63. Therefore, because the plaintiff has failed to show that she "would be unable to contest matters presented to the court for the first time in the opposing party's reply[,]" Lewis, 154 F. Supp. 2d at 61, the Court concludes that it must deny the plaintiff's motion for leave to file a surreply.

Accordingly, it is hereby

**ORDERED** that the plaintiff's motion for leave to file a surreply, see Motion [for] Leave to File a Document ("Pl.'s Mot.") at 1, ECF No. 14, is **DENIED**.

**SO ORDERED** this 20th day of August, 2024.

REGGIE B. WALTON<br>
United States District Judge

4